FARMERS CO-OPERATIVE MFG. CO. *v*. DRAKE, receiver.

ATKINSON, J.—1. The pendency in this court of a bill of exceptions assigning as error the granting of an order authorizing a receiver to sell certain property, there having been no *supersedeas* as required by law in cases of this kind, was no obstacle to the hearing and determination of a second application to sell, presented by the receiver to the judge.

2. Under the facts disclosed by the record, there was no error in refusing to vacate the order of sale which had been granted upon the receiver's second application. *Judgment affirmed.*

April 15, 1895. Brought forward from the last term.

Petition. Before Judge HUNT. Spalding county. May 22, 1894.

Under a petition in the nature of a creditors' bill, R. H. Drake was appointed receiver of the assets of the Farmers Co-operative Manufacturing Co., a corporation. The petition was returnable to the February term, 1893, of the superior court. On July 4, 1893, before the trial term, the receiver presented his petition to the judge of the superior court, for an order authorizing him to sell the properties of the defendant corporation. Objections were made by defendant; and after hearing evidence, the judge passed an order for the sale of the property on August 22, 1893. To this order defendant excepted, and filed an affidavit *in forma pauperis*. The case came

to the Supreme Court, and while it was there pending, on February 3, 1894, the receiver presented to the judge of the superior court his petition showing that the sale contemplated by the previous order or decree did not take place at the time named therein, and the property remained in the hands of the receiver, that he was without means to insure it, and it was in great danger of loss by fire; and praying that the order of July 17, 1893, for the sale of the property, be confirmed and enlarged so as to authorize him to sell the property at such other time and upon such terms, etc., as might seem proper. On the same day that this petition was presented, the judge passed another order, whereby it was adjudged and decreed that the former order of sale be ratified, approved and declared of full force in all respects as herein modified and changed; and further, that the receiver advertise for bids on the property, to be received up to May 28, 1894, and to be opened by the judge on the following day. On February 13, 1894, the plaintiff in error withdrew the bill of exceptions before mentioned, and the judgment therein complained of was thereby affirmed; and in May thereafter, before the close of the time limited in the order for receiving bids, presented its petition for the setting aside of the said order of sale. To this petition the receiver demurred and made answer; and after a hearing of the matter on May 22, 1894, the judge ordered that the application to vacate the order of sale be refused. To this judgment the applicant excepted. A report of the peculiar facts of the record would not be useful.

HARRISON & PEEPLES, for plaintiff in error.
J. S. BOYNTON and R. T. DANIEL, *contra.*