### ARMSTRONG *v.* AMERICAN NATIONAL BANK *et al.*

1. The trial court does not lose its jurisdiction of a cause pending a review of a judgment overruling demurrers to the petition; and it is competent for the judge after overruling the demurrer, and while that judgment is under review by a writ of error to the Supreme Court, to grant or refuse a temporary injunction.
2. The court did not abuse his discretion in refusing a temporary injunction.

NOVEMBER 11, 1915.

Petition for injunction. Before Judge Mathews. Bibb superior court. March 29, 1915.

Guy Armstrong filed a petition against J. J. Cobb, Cecil Morgan, the Commercial National Bank, and the American National Bank, alleging: that he was fraudulently induced by Cobb and Morgan to contract for the purchase of 20 shares of the proposed increased capital stock of the Commercial National Bank, of which they were directors; that he gave his promissory note for $2,400 for the purchase-price of the shares, and by subsequent payments has reduced this sum to $1,500, for which he gave his note; that the stock which he contracted to purchase was worthless, and known to be such by

the defendants who induced him to buy it; that, about two years after the contract of purchase was made, the assets of the Commercial National Bank were placed in the possession of the American National Bank as a liquidating agent; that the Commercial National Bank was insolvent at the time of the purchase of the stock by petitioner, and has ever since been insolvent; that the American National Bank knew, before it took over the affairs of the Commercial National Bank, that the note for $1,500, signed by the plaintiff and in the possession of that bank, was given for the purchase of the stock, and the American National Bank had full notice of all the defenses that might be set up against its payment, before it took over the assets of the Commercial National Bank; and that the American National Bank had instituted against petitioner a suit in the city court of Macon on the $1,500 note given for the purchase of the shares in the Commercial National Bank. He prayed, that the suit be enjoined, and that the American National Bank be required to set up in this action whatever rights it may have in that suit, and that he have a judgment against the defendants, jointly and severally, for the money paid on account of the contract of purchase; and for discovery and for general relief.

The defendants filed demurrers, general and special, and answered. The American National Bank averred its inability to admit or deny the alleged fraud charged against the Commercial National Bank and its directors in procuring the plaintiff to purchase stock in that bank, but required strict proof of the same, and positively denied all knowledge of the fraud charged. It averred, that it took the note sued on, believing that the Commercial National Bank was solvent; that the note was transferred to it before maturity and without notice as to the consideration, or that the consideration had failed, or that there were any defenses of any kind whatsoever; that it is now the bona fide holder of the note; that it agreed to act as liquidating agent of the Commercial National Bank, but in addition thereto, before the affairs of the Commercial National Bank could be so liquidated, it was necessary for this defendant to assume the payment of large liabilities of the Commercial National Bank, including depositors therein; and that the Commercial National Bank, as collateral security for and on account of these liabilities, transferred and delivered to this defendant the note sued on, and which it has so held since that date.

The demurrers came on to be heard on February 20, 1915. The court passed an order overruling the demurrers, and enjoining the American National Bank as prayed, reciting in the order that it was done upon the hearing of evidence. Subsequently, on April 10, 1915, the court passed an order which recited that no evidence had been introduced on the hearing for the grant of an injunction, modified the previous order by striking therefrom that portion granting the injunction, and fixed the hearing on the injunction for April 30, 1915. In the meantime, on April 17, 1915, the defendants presented and had certified a bill of exceptions to the judgment overruling the demurrers. At the hearing on April 30, the plaintiff moved to vacate the judgment assigning the cause for a hearing, and to stay the case until the Supreme Court had passed upon and determined the issues made by the bill of exceptions on the demurrers; which motion the court denied, and ordered the case to proceed. Exception is taken to this ruling. The case then proceeded to trial, and by consent of parties it was submitted to the court on the pleadings. Counsel for defendants made a motion to dismiss the restraining order, on the ground that the equity of the plaintiff's bill had been sworn off by the answer of the defendants. The court then took the whole case under advisement, and rendered the following judgment: "The above petition coming on to be heard upon the application for injunction by the plaintiff against the American National Bank, and the case being submitted without other evidence than the sworn petition and the verified answer of the American National Bank, it appeared from an inspection of the petition and answer: That the answer denies every allegation of the petition asserting that the defendant is not a bona fide holder for value of the note in question, without notice of the defense claimed by the petitioner, and denies that the defendant obtained the note after its maturity, as well as every allegation tending to throw any doubt as to the bona fides or legality of its possession of the note before its maturity, for full value, without any notice or knowledge as to its consideration, or any possible defense to the note. Upon this point the answer is very full and explicit. So far, then, as the plaintiff's claim of right to enjoin the suit upon the note in the city court is predicated upon alleged notice of the consideration of the note, and fraudulent representations to procure the note, and want of good faith in obtaining the note, this

claim is strongly negatived by the sworn answer; and it may be said that this alleged ground of the prayer for injunction is sworn off by the answer. Whether the bank is a bona fide holder without notice can be determined by evidence in the city court. If that court ascertains as a fact that the bank is a bona fide holder without notice, the defendant in that suit can set up no further defense. If the court determines that the bank is not a bona fide holder, the defendant would be able there to set up the same defense as he could assert against the original payee; but even if he could not set up there all the defenses available to him in a court of equity, this court can not presume that the bank will be unable to show in the city court what is shown here by the sworn answer, which swears off the essential equity which would authorize this court to interfere with the trial in the city court, to wit, the allegation that the bank is not a bona fide holder for value of the note. It is therefore considered and adjudged that the injunction prayed for is denied, and that the restraining order heretofore granted herein be dissolved." Exception is taken to this judgment.

*Feagin & Hancock,* for plaintiff.

*Hardeman, Jones, Park & Johnston, Jordan & Lane, Miller & Jones,* and *Mallary & Wimberly,* for defendants.

EVANS, P. J. (After stating the foregoing facts.)

1. The judgment on demurrer concludes the parties only on questions necessarily involved in the decision of the points raised on the demurrer. The grant or refusal of an injunction pendente lite involves an exercise of discretion as to whether the relief asked is necessary pending the final judgment in the case. The trial court does not lose its jurisdiction of the cause pending a review of judgment on demurrer to the petition by the Supreme Court; and it was competent for the judge, after overruling the demurrers, and while that judgment is under review by a writ of error in the Supreme Court, to pass upon the necessity of a preservative order pendente lite. *Montgomery* v. *King,* 125 *Ga.* 388 (54 S. E. 135); *Moody* v. *Cleveland Woolen Mills,* 133 *Ga.* 741 (66 S. E. 908).

2. The substance of the plaintiff's complaint is that he was fraudulently induced to purchase worthless stock in a failing bank. He seeks to recover from the parties to the alleged fraud the money which he actually paid, and to enjoin the American National Bank from prosecuting its suit in the city court of Macon on the note

given for the balance of the purchase-money. His defense to the note which the American National Bank holds is that the other defendants practiced such fraud upon him in selling stock in the Commercial National Bank that he is not liable on the note, and that the American National Bank is not such a bona fide holder for value before maturity as to preclude him from making that defense. If the note sued on was procured by fraud, that defense can be set up in a court of law. No equitable intervention in aid of such defense is necessary. Even if his defense be equitable in its nature, it can be pleaded against a recovery in the action in the city court. A verdict in the city court in his favor will effectually protect him against the payment of the note. No reason occurs to us why he can not make his defense in the forum where the suit is pending, just as effectually as he could in the present action. The court considered the whole case on the sworn pleadings, and refused to enjoin the suit in the city court. It is argued that the judge did not exercise his discretion, but refused the injunction on the sole ground that the equities of the petition had been sworn off by the answer. We have set out in the statement of the case the full judgment of the court; and we do not think that this criticism of the judgment is justified. It is manifest from reading the judgment that the judge did exercise a discretion, and, in view of the whole case, we do not think he abused it when he refused a pendente-lite injunction.

*Judgment affirmed.* *All the Justices concur, except Beck, J., absent.*