## MUNFORD *v.* PEEPLES.

The court below did not err in entertaining jurisdiction of an application for the interlocutory order sought, and in granting an interlocutory order which in its essence was preservative of the estate involved, and tended to safeguard the rights of the applicant which had otherwise been placed in jeopardy pending the appeal to the Supreme Court in a former case between the same parties and involving the same property.

No. 2592. February 20, 1922.

Equitable petition. Before Judge Tarver. Bartow superior court. March 23, 1921.

On the 13th day of February, 1920, Mrs. Louis M. Peeples filed her equitable petition against R. S. Munford; and this petition and the demurrers and answers thereto raised issues involving the ownership and control of, and the right to vote certain shares of stock in the Etowah Development Company in the meetings of the directors of that corporation. In that petition Mrs. Peeples claimed that she was the owner in fee simple of the stock, and that the trust under which the defendant, R. S. Munford, had been controlling and voting the stock as a trustee, claiming the right to so vote it under the terms of the will of L. S. Munford, the father of the above-named plaintiff and defendant, was an executed trust, and that she had the right to the possession, control, and disposition of the stock, it being hers in her own right. The petition also contained prayers for construction of such parts of the will of L. S. Munford as would determine the ownership of the stock. The plaintiff further prayed for injunction restraining the defendant from selling or attempting to sell the same stock; for his removal from the trusteeship; and that, until it be determined whether the trust was an executed one or a continuing trust, a receiver be appointed by the court to control the

shares of stock under the order and direction of the court, and that the management and control of the shares of stock be placed in the hands of such receiver under the order and direction of the court, and until the further order of the court; and that the defendant be enjoined from · voting or attempting to vote the stock at any stockholders' meeting. Upon the presentation of this petition an order was passed, temporarily restraining the defendant as prayed; and P. C. Flemister was appointed as temporary receiver, and the defendant was required to turn over the stock to him; it being provided in the order that the stock should be held by the receiver pending the further order of the court. At the interlocutory hearing of this petition and the answers and demurrers before the court, the court granted an interlocutory injunction, on July 12, 1920, and ordered that the temporary restraining order theretofore granted and above referred to "be continued in full force and effect pending the further order of the court." It was also ordered, that, upon conditions specified in the order, Mrs. Peeples, the plaintiff, might give bond, to be approved by the clerk of the superior court, in the sum of $100,000, and that in lieu of other security the clerk was directed to accept on the bond the signatures of the plaintiff and her husband, together with the pledge of the said stock upon the delivery of the same to the clerk of the superior court; and for the purpose of permitting the execution of the bond the temporary receiver was authorized, on the written demand of the plaintiff, to deliver the shares of stock, or the certificates representing the same, to the clerk of the superior court for the purpose stated. It was further recited in this interlocutory order: "Should at any time it be made to appear to the court that the bond herein required will be insufficient protection to the said Etowah Development Company, the right is reserved to require such other and additional security as in the judgment of the court may be necessary. The granting of the temporary restraining order herein referred to is made conditional upon the execution and filing of such bond within ten days from the date hereof." The order further contained a provision for the defendant giving bond upon certain conditions, in the event of the failure of the plaintiff to give bond; but the plaintiff gave the bond, and the certificates of the shares of stock were pledged as security. The interlocutory order contained also

the following recital: "Should neither party exercise the privileges granted in the two preceding paragraphs, the court reserves the right, upon application of either party after said twenty days have expired, to revise this order and judgment so as to protect the interests of all parties, and upon the application of either of them. Pending the exercise of the rights granted in the two paragraphs referred to, and the further order of the court, the restraining order heretofore granted upon the application of the plaintiff is continued in full force and effect. . . The receiver heretofore appointed shall continue to hold possession of the certificates representing said shares of stock, unless he shall deliver them to the clerk of the superior court of Bartow county on the written order of the plaintiff, as provided for in paragraph one hereof."

To the granting of the interlocutory restraining order which contained, among other things, the provisions quoted immediately above, the defendant excepted and sued out a writ of error, bringing the case to the Supreme Court for review. No supersedeas bond was filed, and no supersedeas was granted.

On December 31, 1920, Mrs. Peeples filed an application for an interlocutory order, in which she referred to the injunction granted on July 12, 1920, on the petition filed in the previous February, a copy of that injunctive order being attached to her application. She recited also the fact of having given bond in compliance with the terms of the order, and that the defendant, R. S. Munford, had sued out a writ of error to the Supreme Court to have the judge's order granting an interlocutory injunction reviewed in the Supreme Court. The application also contained certain recitals that were contained in the equitable petition above referred to, and raised certain issues that were raised by that petition and by the demurrer and answer. It further appears from the application that the next annual meeting of the stockholders of the Etowah Development Company was to be held on January 3, 1921, and the applicant averred and charged that it was the purpose of R. S. Munford to attend the stockholders' meeting and control the same by voting his individual stock; and she insisted that as the trust stock claimed by her could not be voted or represented at that meeting, under the terms of the court's order which enjoined R. S. Munford from voting said

trust stock, the action of the stockholders would be controlled by the majority of the remaining shares of the stock, thus giving defendant R. S. Munford absolute control of the meeting; that it would be unjust to allow him to get control of the affairs of the corporation, as the applicant, under the terms of the order granted on the equitable petition and bond given by her, would be rendered liable for losses and mismanagement; and she insisted that the present status be preserved by the court until the former case was decided by the Supreme Court. She prayed for such interlocutory order as would protect her against the threatened change in the management and control of the corporation by R. S. Munford, in the manner aforesaid, at the approaching annual meeting of the stockholders, and to that end prayed that the receiver theretofore appointed be authorized and directed by the court to attend the stockholders' meeting and vote the shares of stock bequeathed in trust to her, which were in part the subject-matter of the equitable petition above referred to; and also prayed that Munford be restrained and enjoined from voting his individual stock, unless the trust stock should be voted. She further prayed that if for any reason the court should deem it improper to direct the receiver to vote said trust stock at the stockholders' meeting on January 3, 1921, or on some subsequent date to which said meeting might be adjourned or postponed, the court grant an order to enjoin the holding of the stockholders' meeting, or require that it be postponed to some subsequent date. She prayed further, that, if neither of the foregoing modes of interlocutory protection of movant could be adopted by the court, the court grant such other interlocutory order for her protection and preservation of the status quo as might seem just and equitable, and as would not deprive her and her husband of the control of the corporation and yet leave her responsible on her bond for any impairment or loss of the value of the assets of the corporation; alleging in this connection that if R. S. Munford should be allowed to vote his individual stock while the trust stock was not allowed to be voted by her or her representative, Munford could and would resume control and management of the corporation.

Demurrers to this application, and a plea to the jurisdiction of the court to entertain the same, were filed, on the ground that the court had been divested of the jurisdiction of the matter

involved by the appeal to the Supreme Court, and that the latter court now had entire jurisdiction of the matter; and upon the ground that the stock had been hypothecated with the clerk of the superior court as security for the bond, and could not be taken from his custody.

Upon hearing the application the court ordered, that P. C. Flemister be appointed receiver for the trust stock theretofore deposited in the office of the clerk of the superior court as security for the bond executed by the plaintiff, under the provisions of the previous order of the court, but that the liability of said stock as security on the bond should not be impaired by reason of the order; that the receiver of the stock in question should attend all the stockholders' meetings of the corporation, and should vote the stock in all matters coming before the meeting as in his discretion he might deem to the best interest of the company and the trust estate, subject to the limitation that he should vote the stock for himself, R. S. Munford, Mrs. L. M. Peeples, and certain other named parties for directors of the company; that, in voting the stock and in the exercise of his authority as director, neither the receiver nor the officials of the company should create any liens upon the property of the company nor make any sales of the property, except by unanimous vote of the board of directors, in excess of $2,500, nor make any lease of the property for a longer period than twelve months, except by unanimous vote or with the approval of the court; the business of mining and selling ores belonging to the corporation being excluded from this limitation. This order was excepted to upon the grounds indicated in the demurrer and the plea to the jurisdiction; and the questions raised by the exceptions are before the Supreme Court for review.

G. H. Aubrey and J. T. Norris, for plaintiff in error.

Neel & Neel, contra.

BECK, P. J. (After stating the foregoing facts.) On September 13, 1921, this court rendered a decision in the case of Munford v. Peeples, 152 Ga. 31 (108 S. E. 454), upon review of the questions made by the demurrers and answers to the petition filed on February 13, 1920; and that decision disposes of the questions involving the substantial merits of this controversy. The stock therein referred to as trust stock was held to be the property of Mrs. Peeples in fee simple. The other questions raised in that

record were also adjudicated adversely to the plaintiff in error in the instant case, by the affirmance of the judgment of the court below; and the only remaining question for decision here is the question of the court's jurisdiction to entertain the present application for the interlocutory order sought. It may be true that in this application questions were introduced which were involved in the case already pending in the Supreme Court, and that this fact would divest the court below of jurisdiction of such questions; but the fact that certain questions in the present record were not within the jurisdiction of the court did not afford ground for a refusal to consider the application so far as it sought the interlocutory and administrative order, and the court did not go beyond its equitable powers in entertaining and disposing of the application for that purpose, especially in view of the peculiar rights involved and the peculiar condition of the affairs of the Etowah Development Company, and the attitude of the plaintiff to these affairs, and the obligation resting upon her in view of the court's former order, and the conditions in the bond which she had been required to give; and the jurisdiction of the court to entertain the application for interlocutory orders of the nature of that involved here has been settled by decisions of this court involving analogous questions. *Ryan* v. *Kingsbery,* 88 *Ga.* 361 (14 S. E. 596) ; *May* v. *Printup,* 59 *Ga.* 128; *Farmers Co-operative Mfg. Co.* v. *Drake,* 96 *Ga.* 766 (22 S. E. 1004) ; *Armstrong* v. *American National Bank,* 144 *Ga.* 245 (86 S. E. 1087) ; 3 C. J. 1268, § 1385 et seq. If the court below, in granting the interlocutory order referred to, went further in giving specific directions to the receiver as to how he should vote than a court of equity is authorized to go, nevertheless the specific directions related to powers which terminated at the next annual meeting of the stockholders of the corporation, which was held after the decision in the case of *Munford* v. *Peeples,* referred to above. And it is therefore not necessary to consider whether the order of the court in this respect should be changed or modified, as the trust stock before the annual meeting of the stockholders had, no doubt, passed into the control of Mrs. Peeples, the absolute owner thereof, and the powers with which the receiver was vested had ceased to be material. It follows from this that the judgment of the court below should be affirmed.        *Judgment affirmed. All the Justices concur.*

ATKINSON and HINES, JJ., concur in the decision of the majority, but are of the opinion that the bill of exceptions should have been dismissed because prematurely brought.