## ESTES *v.* CITY SAVINGS BANK.

The court did not err in refusing to postpone the trial of the case, or in directing a verdict for the plaintiff.

No. 5642. JULY 18, 1927.

Claim. Before Judge Humphries. Fulton superior court. June 7, 1926.

*W. A. James,* for plaintiff in error. *Alvin L. Richards,* contra.

BECK, P. J. A fi. fa. based on a judgment for $2080, against C. P. Callahan and in favor of City Savings Bank, was levied on a house and lot, and a claim was interposed by Mrs. Texas L. Estes. The judgment upon which the fi. fa. was based was a special lien on the property claimed, being based on a loan made to defendant in fi. fa., the payment of which loan was secured by a deed covering the property levied on. This deed was introduced in evidence. A quitclaim deed to the property from the City Savings Bank to Callahan had been made before the levy, and filed as an escrow deed, to enable the plaintiff to proceed with the levy and sale. All the necessary documentary evidence to

Conspiracy, 12 C. J. p. 630, n. 9.
Continuances, 13 C. J. p. 127, n. 32.
Trial, 38 Cyc. p. 1574, n. 21.

make out the plaintiff's prima facie case was introduced. The claimant introduced in evidence a deed from one Abercrombie to herself, conveying the land in question, junior in date to the deed from Callahan to the bank. The deed to Mrs. Estes contained this provision: "This deed is made subject to a $2,000.00 loan at 8 per cent. int., same being first mortgage in favor of City Savings Bank of Atlanta, Georgia, also 53 monthly notes of $25.00 each at 7% int. in favor of C. P. Callahan." The plaintiff had filed a petition for a receiver of the property. No receiver was appointed at the interlocutory hearing, but at the trial the claim case and the equitable petition were consolidated. The claimant filed her answer to the petition for receiver, etc., and in her answer alleged that it was the duty of Callahan to pay the debt due to plaintiff, as he had made the loan deed, notes, and the coupons mentioned, and as he had sold the property to Abercrombie, from whom claimant purchased the same. She also alleged, from information and belief, that the plaintiff and Callahan had conspired to sell the house and lot in dispute, so as to defraud her out of the property and the money which she had paid for it; that she had paid Callahan $2000 of her own money for the house and lot. She charged that Callahan had property other than the house and lot in controversy, which the plaintiff could sell and make its money out of, but which she could not proceed against; and she prayed that Callahan and Abercrombie be made parties to the petition and set up their claim and equities therein. When the case was called for trial the claimant made a motion for a continuance. Her counsel admitted that the property in question was the same property on which the plaintiff held the loan deed under which it was proceeding, and that this property had been sold by the borrower with the recital in the deed of conveyance that it was sold subject to the claim of the bank, and that this vendee had sold the property to the claimant subject to the loan. Upon the petition setting up the alleged equities and praying that Abercrombie and Callahan be made parties, the court ordered that the two cases be consolidated and tried together as one case, and that C. P. Callahan and F. P. Abercrombie be made parties and be served at once as prayed, and that the plaintiff be required to show cause in the trial why the prayer of the petition should not be granted as prayed, and

that all the parties set up their equities in this consolidated case. Callahan and Abercrombie were served, but filed no answer.

Upon examination of this record we are of the opinion that the court did not err in refusing to postpone the trial of the case, or in directing a verdict for the plaintiff. It is true that there are certain allegations in the answer of the plaintiff in error in reference to a conspiracy between Callahan and the bank, but these allegations are only in the most general terms. Not a fact or an act of the bank is charged tending to establish any conspiracy to defraud the plaintiff in error, it being merely alleged from information and belief that "the plaintiff and Callahan have conspired together to sell the house and lot in dispute so as to defraud her out of the money and property which she has paid for it and invested in the house aforesaid." If Mrs. Estes paid the-money, as alleged, to the parties named, from whom she had purchased the house and lot in question, she knew that that did not relieve her of the necessity of seeing that the debt to the bank was paid, and the latter was not required to see that the money paid to Mrs. Estes' vendors was properly applied. The bank did nothing to mislead her or to prevent her from taking any steps that might be necessary to protect her rights. And the court, when he refused to continue or postpone the trial, distinctly offered to allow the plaintiff in error, even under the vague pleadings that we have referred to, to introduce evidence to establish any equities that she might have as against the plaintiff bank.

*Judgment affirmed. All the Justices concur.*