CITY OF MACON *v.* RIES, executrix, *et al.*

372

No. 10336.   February 18, 1935.   Rehearing denied March 1, 1935.

*E. W. Maynard* and *J. E. Hall Jr.*, for plaintiff in error.
*Park & Strozier* and *Waller T. Johnson,* contra.

RUSSELL, Chief Justice. (After stating the foregoing facts.) The rulings stated in the first three headnotes require no further elaboration. The motion to dismiss the writ of error is overruled.

While it has been held by respectable authority that "a right of hearing need not have all the formality of trial in order to comply with the due-process clause," there has been no explicit ruling by this court couched in such broad language; and to the contrary we are of the opinion that the previous ruling of this court in *City of Macon* v. *Ries,* 179 *Ga.* 320 (supra), properly construed, fixes the law of this case at least, contrary to the contentions of the plaintiff in error. Inasmuch as the decision of this court upon the former appearance of this case here was not agreed to by the entire court, it is not authority and binding as a precedent, but as between the same parties and as a part of the same action it is res judicata. As appears from the statement of facts the question now before us is reduced to whether the mayor and council of the City of Macon could arbitrarily restrict the "hearings" upon these tax-assessment *appeals* to the mere presentation of affidavits, depositions, and interrogatories, and thus, captiously or otherwise, deprive the appellants of the right to have the witnesses adverse to them faced and be submitted to a cross-examination, thorough and sifting, in the presence of the court. In the previous appearance of this case to which we refer this court held:

"A statutory appeal gives to the litigants in certain cases the right to another trial, without reference to the evidence introduced in the former trial, and is a de novo investigation. The appeal from the decision of the tax-assessors to the mayor and city council, as provided in the charter of the City of Macon, contemplates a de novo investigation." In the opinion numerous authorities were cited in support of the headnote we have just quoted, and the dissimilarity between an appeal and a writ of error was pointed out. That division of the opinion concluded: "So we are of the opinion that the appeal contemplated by the charter provision above quoted is a de novo investigation into the merits of the contentions of the taxpayers, with the right to introduce evidence and to be heard on the questions incident thereto." The court had already held, in the first division of the decision, that "The provision for a hearing, properly construed, gives to the taxpayer of a city an opportunity to submit evidence to support his objections to any assessment which he desires to contest, and to show that the same is excessive. The taxpayers in the present case were denied due process of law, guaranteed them under art. 1, sec. 1, par. 3, of the constitution of this State." The rulings of the majority of the court in the case upon its former appearance here must be construed together; and it necessarily follows that it is not possible for the mayor and council of the City of Macon, sitting as a court, of its own motion to prescribe that the hearings should be had only upon oral testimony, excluding all documentary evidence, nor can it with better reason say that we will hear no oral testimony, but only documentary evidence. Were the choice of the mayor and council fixed upon the first horn, then there would be excluded from the litigants, appellants in this case, the right to offer any documentary evidence, no matter how vital it were in the interest of justice, and by the exclusion of oral testimony the proceeding could be changed into a star-chamber investigation, in which the court would not have the opportunity of seeing and hearing the witnesses, and judging for itself of their demeanor, their interest, or the probability of their statements; and at the same time the appellants would be deprived of the effect of these provisions of law, and also debarred the right of cross-examination. The ruling of this court that the appellants had the "right to introduce evidence" did not specify that oral evidence only could be used, or

that documentary evidence only could be used; and therefore it gave to appellants the right to produce any competent evidence legally pertinent and admissible upon the hearing which was directed to be given upon the appeal. The suggestion that in a case where there may be a very large number of appeals from municipal tax assessments the time and expense involved in hearing these appeals would be so expensive and so prolonged as to render impracticable a formal hearing according to the general rules of this State governing appeals, or unduly hamper and delay the municipal authorities in the collection of their taxes, is unworthy of consideration. In the administration of the law and in the courts of Georgia, no volume of sordid gold can swing the scales of justice when an undoubted right is placed in the balance. Moreover, it is within the power of any municipality within this State, by legislative enactment, to be empowered to have a court of tax appeals, so as to relieve large bodies, like municipal councils, of this duty; and in our opinion the number of appeals would be greatly lessened were it known that the assessments were being made in accordance with the law.

In the bill of exceptions there are several assignments of error on the judgment of the court in refusing to strike the amendment to the petition. They are denominated as "written objections" to the allowance of the amendment filed on January 30, 1934. There were thirteen grounds of objection on which the defendant "moved to strike said amendment." Grounds 1, 4, 5, 6, 9, 10, and 11 have been expressly abandoned. In the second objection it is insisted that the amendment attempted to set forth a new cause of action distinct from that alleged in the original petition. This objection was without merit.

In objection 3 it is insisted that the amendment should not have been allowed, because the case (*City of Macon* v. *Ries*, 179 *Ga.* 320, supra) was pending in the Supreme Court. This statement is repeated in the brief of counsel for the plaintiff in error, and it is stated, "for the reason that when the judge certified the bill of exceptions he lost all jurisdiction over the case so far as the allowance of the amendment was concerned." No authority in support of this proposition is cited, and we know no law by which the court loses jurisdiction of "the case," thereby meaning that the lower court lost jurisdiction of the entire action,

especially of a petition in which an extraordinary equitable remedy may be asked. It is a principle so well settled as not to need the citation of authority, that a trial judge can not sign two bills of exceptions seeking to review the same trial. In such case it may well be said that the court has exhausted its jurisdiction. Certain it is that the jurisdiction which inheres in the judge to certify the truth of all material proceedings in the trial which is sought to be reviewed is not a review of "the case" when those words are used to denominate the action or the cause of action. The trial judge does not lose jurisdiction of the cause of action, for at the conclusion of the review by the appellate court it is returned to him for further action and final judgment. A proceeding in equity may involve several questions or issues, and the court may take into its custody property both permanent and perishable. There may be one issue in the cause which, if settled in a certain way or in favor of one of several parties, will obviate the necessity of further litigation. In any of these instances, the pendency of a writ of error, and the fact that the particular trial is under review in the Supreme Court, would not entirely and altogether remove the entire proceeding from the trial court or prevent its action in ancillary or subsidiary matters disconnected from the questions which it is sought to have reviewed. In an instance where in the course of the proceeding and before the filing of the bill of exceptions the court of equity has appointed a receiver and placed him in charge of a valuable stock of general merchandise, and the case is taken by writ of error to the Supreme Court, should a fire occur and a portion of the building be so damaged as to leave such portion of the stock of goods as was uninjured exposed to the elements, would the court of equity be powerless to entertain an ancillary petition from the receiver to enable him to gather up and repack or resack the stock of goods and to place a suitable roof or cover upon the portions of the building that were damaged, so as to preserve the stock? Many cases can be imagined in which property could not well be said to be in custodio legis unless it were in the power of the court of equity to retain that custody and protection of the property. So in the present case we are of opinion that when it was brought to the attention of the judge that his judgment upon the same issue in granting an interlocutory injunction was being set at naught and disregarded, he could entertain this ancillary proceeding and ren-

der such judgment or decree as would enforce his prior judgment until it should be reversed by this court; and that the objection based on lack of jurisdiction of the judge to issue an injunction upon the facts stated in the amendment is without merit. Any one interested in this subject can read with profit the following decisions cited by Mr. Justice Hines in *Estes* v. *Callahan,* 164 *Ga.* 744, 755 (139 S. E. 532); *May* v. *Printup,* 59 *Ga.* 128; *Ryan* v. *Kingsbery,* 88 *Ga.* 361 (14 S. E. 596); *Cummings* v. *Clegg,* 82 *Ga.* 763 (9 S. E. 1042); *Farmers Co-operative Mfg. Co.* v. *Drake,* 96 *Ga.* 766 (22 S. E. 1004); *Armstrong* v. *American National Bank,* 144 *Ga.* 245 (86 S. E. 1087); *Barrett* v. *Maynard,* 150 *Ga.* 82 (102 S. E. 896); *Munford* v. *Peeples,* 152 *Ga.* 805 (111 S. E. 393); *Sheridan* v. *Fowler,* 156 *Ga.* 238 (118 S. E. 853).

■ It is not necessary at this time to rule on the remaining grounds of objection presented to the judge, each one of these being based upon the single motion to strike the proposed amendment as a whole, and none of them being sufficient for this purpose. This for the reason that the allegations of paragraphs 17, 18, 19, and 37 of the amendment, without more (and no objection was interposed to these paragraphs), entitled the petitioners to the relief sought.

*Judgment affirmed. All the Justices concur. Beck, P. J.,* and *Gilbert* and *Bell, JJ., concur specially.*

GILBERT, J., concurring specially. ■ Every ruling made in the case when it was formerly before this court (179 *Ga.* 320) in obedience to a question properly made and necessary for a decision of the case, although not concurred in by all of the Justices, became the law of the case. Accordingly, such decisions are binding in the present case; and although adhering to the views expressed in the dissenting opinion heretofore rendered, I concur in them as the law in the present case. All issues not raised in the former case are unaffected by that decision. In the former decision, with reference to the introduction of evidence on the appeal from the assessors, this court stated: "So we are of the opinion that the appeal contemplated by the charter provision above quoted is a de novo investigation into the merits of the contentions of the taxpayers, with the right to introduce evidence and be heard on the questions incident thereto." It was merely decided there that the appellants had a right "to introduce evidence," and the court did not amplify the rulings by stating what kind of evidence was admis-

sible. The proper construction would seem to be that the rule contemplated the admissibility of "competent evidence." That still leaves open for determination what is "competent evidence" in such a proceeding. It is my opinion that the General Assembly can enact statutes prescribing what kind of evidence is "competent" in such a hearing, and also establish the rules under which the evidence must be submitted. They could prescribe whether it should be oral, documentary, or both. The majority opinion properly states that thus far the General Assembly has not seen fit to enact such a statute. In these circumstances it is my opinion that the appellants would be entitled to introduce affidavits or oral evidence or documents or any of these.

Assuming that the mayor and council could, under existing laws, restrict the evidence to affidavits and documents, such restriction must not amount to the denial of a substantial right. It was alleged in the amendment that the action of the mayor and council in so limiting the evidence in this case was not taken in good faith, but was intended to deny to petitioners a real hearing, while pretending to give them such a hearing as would satisfy the requirements of the charter, and that in the circumstances the hearing granted was one in form only and not in substance. The amendment further alleged that the defendants have systematically, wilfully, and arbitrarily discriminated against the plaintiffs and other taxpayers, and that there has been no bona fide attempt on the part of the defendants to comply with the city charter which authorizes taxpayers to appeal from the board of tax assessors to the mayor and council. If we should grant, for the sake of argument, that the mayor and council might, in a fair exercise of their discretion, require the taxpayers to submit evidence in the form of affidavits and documents only, such a restriction of the evidence would nevertheless constitute a denial of due process where in doing so the mayor and council were acting capriciously and in bad faith, in that they were merely endeavoring to afford a hearing in form only instead of proceeding to a fair and impartial consideration of the contentions of the taxpayers. A mere contrivance and pretense would not meet the requirements of due process, even though the proceeding adopted might, if carried out impartially and in good faith, constitute a lawful hearing and satisfy constitutional guaranties. The amendment to which reference has just been made

was introduced in evidence at the interlocutory hearing before the judge of the superior court, and the allegations as to bad faith and misconduct as therein made were presumably considered by the judge in determining whether he would grant the injunction. In this view it can not be said either that the amendment did not state a cause for injunction or that the evidence did not warrant the interlocutory grant of such relief. In other words, the averments as contained in the amendment filed by the taxpayers were sufficient to show a denial of the constitutional rights of the taxpayers, on the ground that only a pretended or fictitious hearing was granted, and the amendment, when considered by the chancellor as evidence, the same having been duly verified, was sufficient to authorize a finding in favor of the taxpayers upon that issue.

■ I concur generally in the other rulings of the majority, not mentioned in this special concurrence.

BELL, J., concurring specially. I agree that there was no merit in the motion to dismiss the writ of error. I also agree to the judgment of affirmance, but I can not concur in the view that the mayor and council could not, in the exercise of a proper discretion, restrict the evidence to affidavits and documents. This question, as to the method of procedure, was not considered or dealt with in the former decision, and therefore it is open for decision at this time. It is my opinion that the mayor and council could restrict the evidence as indicated, without a violation of any right of the taxpayers, provided such action was taken in good faith and with no intention of depriving the parties of a fair and impartial hearing. State ex rel. v. Cary, 166 Wis. 103 (163 N. W. 645); Tomlinson v. Board, 88 Tenn. 1 (12 S. W. 414, 6 L. R. A. 207); Board v. Johnson, 178 Ky. 287 (199 S. W. 8); Ballard v. Hunter, 204 U. S. 241 (27 Sup. Ct. 261, 51 L. ed. 461); Simon v. Craft, 182 U. S. 427 (21 Sup. Ct. 836, 45 L. ed. 1165); City of Macon v. Benson, 175 Ga. 502, 508 (166 S. E. 26), and cit. I agree, however, with the views expressed in the second division of the special concurrence by Mr. Justice Gilbert, and concur in the judgment solely upon the ground there stated.