## NEILL *et al.* v. HARRIS.

Where one brings suit for the recovery of land and by consent the question of mesne profits is eliminated, and it is agreed that a judgment be taken determining the question of plaintiff's right to the land as set up in the petition in the case, and there is a finding and judgment in favor of the plaintiff, the plaintiff afterwards can not, in a separate action, recover of the defendant in the former suit mesne profits.

Argued June 18,—Decided November 19, 1909.

Complaint.	Before Judge Felton.	Houston superior court. October 8, 1908.

Mrs. Zetella Neill and Mrs. Gertrude Brown suing for themselves, and H. A. Mathews suing as guardian for Lucile Harris, a minor, brought suit jointly against W. H. Harris to recover the sum of six hundred dollars alleged to be due to each of the petitioners, or the aggregate sum of eighteen hundred dollars, as their interest in the rents and profits arising, during a period of eleven years from 1894 to 1905, from the H. C. Harris home place, in which petitioners claimed each a 6/35 interest. After alleging the circumstances under which the defendant came into and remained in possession of said property during all these years, charging him with fraud, petitioners allege, in paragraph seven of their petition, as follows: "That petitioners have been forced to bring suit against the said W. H. Harris to recover their interest in said property, and that they have recovered judgment against the said W. H. Harris, who has resisted their suit and in every way in his power tried to prevent them from having their rights in the premises, but that a judgment has been rendered establishing their rights as hereinbefore set out, to wit, that each had title to a 6/35 interest in and to said property."

Petitioners filed the following amendment: "1. They allege that the judgment at the October term, 1904, in the case of these plaintiffs against W. H. Harris, upon which a plea of former recovery has been filed, was rendered under the following circumstances: A consent verdict was taken after an agreement between counsel to eliminate all issues from the case except that of the right to a present partition of the land involved, and that it was at the time the purpose of the counsel in the case only to settle this feature of the case, and it was understood at the time and intended that the verdict and judgment should cover only this feature of the case. That, by accident and mistake and oversight, no order was taken striking out of the case all other issues therein raised, and a verdict for partition only was taken, and a judgment rendered accordingly. 2. That no issues were passed upon or decided in the case and covered by judgment and verdict, other than the right of present partition of the property, nor was it so intended by any of the counsel or parties in the case." Petitioners further amended their petition as follows:

"Petitioners amend their declaration further by striking out the allegation that they recovered the land, and in lieu thereof allege that the judgment should have been in accordance with the consent of counsel in the case that the land should be partitioned, and that other issues in the case be by consent withdrawn, and that in pursuance of the understanding at the time the verdict and judgment were taken for partition only, but that this consent by the defendant's counsel was not until absolute proof of petitioners' title had been introduced upon the trial."

Upon motion of defendant's counsel the court dismissed the petition as amended. To this ruling the plaintiffs excepted.

*Joseph H. Hall* and *H. A. Mathews,* for plaintiffs.

*Miller, Jones & Miller,* for defendant.

BECK, J. (After stating the facts). Construing the allegations in the original petition together with those in the amendments, as set out in the statement of facts, it still appears that the plaintiffs in the present case had formerly brought suit against the defendant, W. H. Harris, "to recover their [plaintiffs'] interest in said property, and that they have recovered judgment against the defendant, establishing their rights as they are in the petition above set out, to .wit, that each had title to a 6/35 interest in and to said property." From the last amendment set forth in the statement of facts it appears that certain parts of the original petition were stricken, but this amendment does not strike out or qualify the original allegation that petitioners had been forced to bring suit against the defendant in this case to recover their interest in said property, and that they have recovered judgment against said W. H. Harris, establishing their rights etc. in the land. In fact the original declaration does not contain the exact allegation which this amendment purports to strike, nor does it appear from the other amendment that the allegations in the original petition are stricken, although it is alleged that the plaintiffs' right to a present partition of the land "was the only feature of this case settled." This results in some confusion as to the exact meaning of paragraph seven of the petition, which contains the allegation as to the former suit to recover the land, and leaves us in some doubt as to the exact reading of that paragraph when effect is given to the amendments. But doubts as to the meaning of certain portions of

the pleading can not be resolved in favor of the pleader; and it seems to us, as indicated above, that, construing the amendments and the original petition together, the meaning of the whole is, that a suit was brought for the recovery of the land (whether ejectment, or complaint for land in the statutory form, or an equitable petition for the recovery of the land, we can not tell); that upon the trial of that case, by consent of counsel, all issues were eliminated except the plaintiffs' right to the land as alleged in their petition; that this right was established, and the right to have the same partitioned was also established; and that the question of mesne profits was by agreement eliminated. When the plaintiffs in a former suit brought for the recovery of the land took a judgment favorable to themselves, whether it was in terms that they should recover the land, or merely that they had a right to recover, and that the same be partitioned, they should in that suit also have had settled and adjudicated the question of mesne profits. They had the right to eliminate that question from that suit if they wished to; but when it was once eliminated, it ceased to exist as a basis of a claim on the part of these plaintiffs against the defendant, and it could not be revived and insisted upon in a separate action. See Civil Code, §4998, and cases there cited.

*Judgment affirmed. All the Justices concur.*