## SAWYER v. OSTERHAUS.

District Court, N. D. California, Second Division.   April 19, 1912.)

### No. 15,069.

UNITED STATES (§ 127*)—ACTIONS AGAINST.

One claiming title to land, and denying that the government has any title thereto, may maintain ejectment against one holding possession as commandant of a navy yard of the government, and claiming no title other than in his official capacity as such commandant, and as representing the right claimed by the government for the purpose of a naval station, though the government cannot be sued, except by consent of Congress.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 116; Dec. Dig. § 127.*]

Action by E. H. Sawyer against Hugo Osterhaus. Motion to dismiss denied.

M. W. McIntosh and Frank R. Devlin, for plaintiff.

The Attorney General and Robert T. Devlin, U. S. Atty., for the United States.

VAN FLEET, District Judge. This is an action of ejectment, brought by the plaintiff, claiming title to a certain portion of Mare Island, Cal., now occupied by the government as a naval station.

The Attorney General has filed with the court a suggestion setting forth that the United States is the real and indispensable party defendant in interest; that the defendant sued is the commandant of the navy yard, an officer and agent of the government, holding possession of the property solely as such agent, and by orders of the Navy Department and the government of the United States; that the United States claims title to the property in question, and is now in possession of the same by and through such agent; that inasmuch as the United States cannot be made a party defendant to an action, except by consent of Congress, which has not been granted, the action should be dismissed; and the suggestion is accompanied by a motion to that end.

While the action proceeds against the defendant as an individual in his private right, the plaintiff admitted at the hearing of the motion that the character of the defendant's possession and the purpose thereof are as set forth in the Attorney General's suggestion, and that defendant holds possession of the premises in dispute as commandant of the Mare Island Navy Yard, and makes no claim thereto other than in his official capacity as such commandant, and as representing the right in said premises claimed by the government of the United States for the purpose of a naval station, but denied that the government has any title to the premises.

I am of opinion that, notwithstanding the facts set forth in the suggestion, and admitted by the plaintiff, the case is not to be distinguished in principle from the case of United States v. Lee (the Arlington Case) 106 U. S. 196, 1 Sup. Ct. 240, 27 L. Ed. 171, and that upon the authority of that case the motion to dismiss must be denied. See, also, Tindal v. Wesley, 167 U. S. 204, 17 Sup. Ct. 770, 42 L. Ed. 137, and International Postal Supply Co. v. Bruce, 194 U. S. 601, 24 Sup. Ct. 820, 48 L. Ed. 1134.

The motion to dismiss is accordingly denied.