## BARRETT *v.* MAYNARD.

1. Where an owner rented a house and lot to one who declined and refused to pay the rent or to vacate the premises; and where the landlord obtained a dispossessory warrant and a judgment ordering the tenant to pay a certain amount of rent or to vacate the premises, to which judgment the defendant excepted and carried the case by writ of error to the Court of Appeals on pauper affidavit; and where, pending such case, the plaintiff filed an equitable petition against the defendant, alleging that he was insolvent and refused to either vacate the premises or to pay the rent, and prayed for injunction and receiver, it was not error for the court, on the hearing, to appoint a receiver to take charge of the property, collect the rents, and hold them subject to the further order of the court.

2. The pendency of the dispossessory warrant in the Court of Appeals on writ of error is not a bar to the present action for the appointment of a receiver as an aid to the relief sought in that case.

No. 1557.   APRIL 13, 1920.

Receivership. Before Judge Jones. Hall superior court. July 7, 1919.

Mrs. A. E. Maynard brought her petition against J. M. Barrett, and alleged substantially as follows: She is the owner in

fee simple of a certain house and lot in Hall County, which in the fall of 1915 she rented to the defendant for $12.50 per month, and since that time he has occupied the premises. He failed to pay the rent due, and the plaintiff through her attorney made affidavit that a dispossessory warrant might issue to evict the defendant from the premises; and the warrant was duly issued and served. The defendant filed his counter-affidavit and gave bond. The issue formed upon the warrant and counter-affidavit was tried at the January term, 1919, and judgment was rendered against the defendant for the possession of the premises; whereupon he filed a motion for new trial, which motion was overruled, and the defendant excepted to that judgment and filed an affidavit in forma pauperis; and a supersedeas resulted. There is no provision in law to hold the bondsmen in the eviction proceeding liable after judgment and verdict. The defendant is insolvent, and the plaintiff has no adequate remedy at law to collect the rent or to evict the defendant, who is allowing the premises to deteriorate in value, and the rent of the premises will be an absolute loss unless a court of equity intervenes and appoints a receiver to take charge of the premises. The defendant has not paid any rent since the issuance of the dispossessory warrant in October, 1917, and he now owes, besides the judgment obtained for $62.50, past-due rents which he fails and refuses to pay; and the rents will accumulate and the plaintiff be unable to recover them of the defendant. The prayer of the petition is that a receiver be appointed to take charge of the premises in controversy, who will look after and collect the rents and impound them until final decree; and that the defendant be enjoined and restrained from interfering in any manner whatever with the premises.

The defendant filed an answer denying that he failed to pay the rent or was indebted for any rent at the time the dispossessory warrant was issued. He admitted that he filed the bill of exceptions and the affidavit in forma pauperis, and that this superseded any further action in the case until the case was heard and determined by the Court of Appeals. It was further averred that the plaintiff had an adequate remedy at law, that she is now pursuing another action, and that the former action is a bar to the present suit. Defendant denies that he is committing waste.

After hearing evidence the court rendered a judgment finding

that the defendant is in possession of the property of the plaintiff without the payment of any rents, "ostensibly awaiting the termination of the suit in evidence," that "he is admittedly insolvent, and under the evidence the property is deteriorating in value;" and ordered that the defendant, within five days from the date of the judgment, pay to the plaintiff the rent due on the premises in controversy from January 21, 1919, to. the date of the judgment, at the rate of $12.50 per month, and that "the receiver herein appointed will take charge of the property and rent the same and hold the rent under order of the court." The court then proceeded to name a receiver as prayed. To this judgment the defendant excepted.

*H. V. Johnson* and *Sloan & Sloan,* for plaintiff in error.

*W. N. Oliver,* contra.

HILL, J.    (After stating the foregoing facts.)

1.    Under the facts disclosed by the record the court did not err in appointing a receiver to. take charge of the property in controversy, with direction to rent the same, collect the rent, and hold it subject to the further order of the court. The argument of the plaintiff in error is that the court erred in granting what he terms a mandatory injunction, and he cites numerous authorities from the decisions of this court to sustain the proposition that a mandatory injunction cannot be granted in this State. It is a sufficient answer to this argument to say that by reference to the decree of the court it will be observed that the court did not grant an injunction, but merely appointed a receiver to take charge of the property as above set forth. *Roberts* v. *Mullinder,* 94 *Ga.* 493 (20 S. E. 350), was a case somewhat similar in its facts to the present one. In that case a common-law judgment was obtained against one Smith and levied upon the land in controversy, to which the claimant, Mrs. Roberts, interposed her claim to the land in forma pauperis, without giving bond and security. An equitable petition was filed in that case, alleging that the claimant was insolvent, and that the claim was interposed not in good faith but for delay and for the purpose of hindering and delaying the collection of the judgment, and to enable Mrs. Roberts to cultivate, rent, and use the land for her own benefit; that she had no legal or equitable interest in the land, and was insolvent; that the land was poor, badly worn, and was decreasing in value,

and the improvements on it were not being kept up; and that the defendant, Smith, had no interest or ownership in any other property, and was insolvent when he died. The court, in that case, ordered that the defendant in the equitable proceeding give a bond for $1500, payable to the plaintiff, conditioned to pay such damages as the jury on the trial of the claim case should assess; and in default thereof that a receiver be appointed, and that an injunction be granted as prayed. The defendant excepted, and the Supreme Court affirmed the judgment of the court below. To the same effect see *Smith* v. *Zachry,* 128 *Ga.* 290 (57 S. E. 513). In delivering the opinion of the court in that case Mr. Justice Lumpkin said: "If the allegations of the petition are to be taken as true, the sole purpose of the defendant and his wife in these repeated interpositions of claims and affidavits of illegality is to delay the proper enforcement of the law. If this be so, the law will not allow such a purpose to be effectuated; nor will equity turn a deaf ear and stand idly by and permit the defendant to reap the reward of such a scheme of delay, while the creditor not only is prevented from realizing the money justly due him, but also sees the land depreciating in value below the amount of the executions. There must be an end of litigation somewhere; and we think the presiding judge did nothing more than his manifest duty when he appointed a receiver to hold the land and collect the rents pending the exception to the judgment on the last affidavit of illegality. *Hart* v. *Respess,* 89 *Ga.* 87 (14 S. E. 910); *Roberts* v. *Mullinder,* 94 *Ga.* 493 (20 S. E. 350); *Dawson* v. *Equitable Mortgage Co.,* 109 *Ga.* 389 (34 S. E. 668); *Powell* v. *Achey,* 87 *Ga.* 8 (13 S. E. 108)."

2. It is argued that the present suit will not lie, because it involves the same transaction involved in the eviction proceeding, which is pending in the Court of Appeals; but we do not agree with this contention. We think that the issues are entirely different. This action is an equitable one in aid of the other, in which the plaintiff seems to have no adequate remedy at law. If the defendant is insolvent, as held by the trial judge, then, unless a court of equity interferes in an ancillary proceeding, as an aid to the legal proceeding, by appointing a receiver to collect and impound the rents due on the premises, the plaintiff is remediless.

For these reasons, and under the authorities cited above, we think the court did right in appointing a receiver as prayed.

*Judgment affirmed.　All the Justices concur.*