## BROWN *v.* TYSON.

ATKINSON, J. On a suit in ejectment S. B. Brown recovered a verdict against S. W. Tyson, who filed a motion for new trial, to ·the overruling of .which he excepted. This court affirmed the judgment of the lower court, and the remittitur was filed in the superior court. At the first term thereafter, and before an order was taken making the judgment of this court the judgment of the trial court, counsel for Brown filed what he termed an amendment, alleging that the defendant Tyson had been in possession of the land in dispute ever since the original judgment against him was rendered on November 2, 1914, and praying for a judgment for mesne profits during the time of such possession to the day of the trial, May 1, 1916, at the ·rate of $500 per year. The "amendment" was allowed, a jury was empaneled, evidence was introduced, the issue was submitted by the charge of the court, and a verdict in favor of the plaintiff for $480 for the years 1915 and 1916 was returned. Judgment was rendered thereon, which was not superseded. The fi. fa. issued thereon was levied, together with the original fi. fa. for rents. An affidavit of illegality was filed, attacking the additional judgment for $480 mesne profits, on the ground that the plaintiff did not give any notice or process whatever of said purported "amendment" to defendant or his counsel, except that embodied in the original service of the suit, and that neither the defendant nor his counsel appeared to defend the issue as to additional mesne profits, but the plaintiff proceeded to obtain said verdict and judgment without the presence of defendant or his counsel. The plaintiff traversed the affidavit of illegality. Evidence was introduced which established the facts alleged in the affidavit. The issue having been submitted on the above-stated facts, which were agreed to by the parties, and after argument, the court rendered a judgment sustaining the affidavit of illegality and dismissing the levy. The plaintiff in fi. fa. excepted. *Held*:

(*a*) The defendant in fi. fa., having elected to remain in possession after the original verdict and judgment had been rendered against him and pending the decision of the writ of error sued out by him, was liable to the plaintiff for mesne profits during the time of such additional occupation. The plaintiff in ejectment could not legally bring a separate suit to collect the same. Civil Code, § 5576; *Neill* v. *Harris,* 133 *Ga.* 493 (66 S. E. 246). But the plaintiff should have served notice upon the defendant of his intention to ask for mesne profits between the date of the former judgment and the date upon which the case was finally disposed of by making the remittitur of this court the judgment of the court below; and having failed to do so, the defendant did not have his day in court as to such matter. See *Fricker* v. *Americus Mfg. &c. Co.,* 124 *Ga.* 165 (52 S. E. 65); *Martin* v. *Laramore,* 145 *Ga.* 404 (89 S. E. 362).

(*b*) As there has not heretofore been any direct ruling on this question by this court, this is a proper case, under all its facts and circum·stances, for direction under the provisions of section 6205 of the Civil Code. It is accordingly directed that the plaintiff in the eject-.

ment suit may, if he elects to do so, cause appropriate notice of his amendment to be served upon the defendant, and the issue of mesne profits be regularly tried.

*Judgment affirmed, with direction. All the Justices concur.*

No. 1677. October 2, 1920.

Illegality of execution. Before Judge Littlejohn. Lee superior court. May 24, 1919.

*Pope & Bennet,* for plaintiff. *W. I. Geer,* for defendant.