## PUCKETT v. HEATON.

HILL, J. 1. Where one who brought complaint for land subsequently filed an ancillary petition asking for injunction and receiver on account of waste alleged to have been committed by the defendant, and on the hearing a temporary injunction was refused, and no exception was taken; and where subsequently, after a lapse of two years from the filing of the first ancillary petition, a second ancillary petition was filed, and on the hearing of the last petition it appeared that the proceeding instituted by the plaintiff to recover the land had always been continued by the defendant from time to time, the filing of the first ancillary petition and the refusal of the injunction thereunder would not bar a renewed application for receiver, where new and additional facts were alleged and proved, arising since the former hearing, authorizing the appointment of a receiver. See, in this connection, *Winkles* v. *Simpson Grocery Co.*, 138 *Ga.* 482 (2, *b*, *c*), 486 (75 S. E. 640); *Barrett* v. *Maynard*, 150 *Ga.* 82 (102 S. E. 896); *Blizzard* v. *Nosworthy*, 50 *Ga.* 514.

2. The court did not err in appointing a receiver.

*Judgment affirmed. All the Justices concur.*

No. 2046. FEBRUARY 21, 1921.

Receivership, etc. Before Judge Irwin. Haralson superior court. March 13, 1920.

On June 26, 1917, W. W. Heaton filed a complaint for land against Dug Puckett, alleging that he was the owner of a certain fifty acres of land in the southwest corner of land lot No. 10 in the 9th district and 5th section of Haralson County; and that the defendant was in possession of the land and refused to deliver possession or to pay plaintiff the annual profits, which he alleged to be $200 per year. On September 29, 1917, the defendant filed his answer denying title in the plaintiff, setting up an equitable title in himself, averring that he had paid the plaintiff the purchase-price, and praying that the plaintiff be required to execute to him title to the land. On February 1, 1918, the plaintiff filed an ancillary petition to his action of complaint for land, alleging that the defendant was committing waste by cutting, hauling, and removing the timber on the land without the consent of plaintiff; that the defendant had already disposed of as much as $100 worth, and had received the rents and profits valued at $200 for the year 1917, and was threatening to make another crop on the land; that the defendant was insolvent and could not respond in damages for rents; and that the damages would be irreparable unless the defendant was restrained. The prayer was that the defendant be enjoined from cutting and removing the timber and wood; and that a receiver be appointed to take charge of the land and pre-

serve the rents and profits pending a recovery. On February 25, 1918, the defendant filed his answer to the ancillary petition, denying the material allegations, and setting up certain improvements which had been made by him and the payment of taxes on the land. On January 30, 1918, the judge granted a restraining order, and required the defendant to show cause why an injunction should not be granted and a receiver be appointed. On October 30, 1918, Judge Bartlett revoked the restraining order, but no express ruling was made by the judge on the prayer of plaintiff for the appointment of a receiver. On February 14, 1920, the plaintiff filed against the defendant an additional ancillary petition in which the grounds were substantially the same as those filed February 1, 1918, except that the plaintiff alleged that since the date of commencing the suit the plaintiff had been unable to obtain a trial of the case, although he had made every possible effort to do so; that the case had been set for trial several different times, and each time it had been continued by the defendant, and he had refused to try the case; that he had been all the while in possession of the land, receiving the rents and profits and refusing to pay them to the plaintiff; that the defendant is absolutely insolvent and unable to respond to any judgment that plaintiff may recover against him in the final trial of the case, if he ever succeeds in getting a trial; that he has a perfect title to the land, and that the defendant has no title and no right to the rents or profits. It is charged that to allow the defendant to retain possession of the land and to receive and use the rents and profits will amount to allowing him to have the same without paying anything therefor; and that as long as he is allowed to use the land without payment of rent or the giving of security for the same, he will continue by every dilatory practice possible to delay and to continue the case as he has done in the past. It is prayed that a receiver be appointed to take charge of and rent the land, and collect and hold the rents and profits, until the final determination of the case. To this ancillary petition the defendant, on February 28, 1920, answered and averred that on the first ancillary petition the plaintiff alleged the same facts that are alleged in his present petition, and that on that petition the court made an order revoking the temporary restraining order and setting it aside. Wherefore the defendant averred that the former judgment, which was unexcepted to, was

a final adjudication of the cause of action now sued upon. He also denied the material allegations of the ancillary petition. On the hearing the court adjudged that the pleas of res adjudicata be overruled on the ground that the present petition is an application for receiver, the former one being for injunction. It was further ordered that the defendant give to the plaintiff a bond in the sum of $500, conditioned to pay whatever sum may be recovered as mesne profits or rents on the trial of the main case; and that, in default of making bond in ten days, the sheriff of the county be appointed as receiver to take charge of the premises described, rent the same, and collect and hold the rents to be applied on any judgment that may be recovered as mesne profits. To this judgment the defendant excepted.

*Taylor Smith* and *M. J. Head*, for plaintiff in error.

*Griffith & Matthews*, contra.