## SHERIDAN, executrix, *v.* FOWLER.

Where a plaintiff in ejectment obtained a verdict and judgment for the premises in dispute, and the defendant, excepting to the refusal of a new trial, obtained a supersedeas by making an affidavit in forma pauperis and brought up the case by writ of error, being insolvent and remaining in possession of the premises and in the enjoyment of the mesne profits, a petition by the plaintiff, invoking the equitable powers of the superior court to prevent loss, and praying that a receiver be appointed to take charge of the premises and hold the proceeds of rents subject to the order of the court and to the final determination of the ejectment case, was not subject to demurrer for want of equity and of jurisdiction to entertain such petition and to pass any order as to the subject-matter.

No. 3659. SEPTEMBER 6, 1923.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. February 15, 1923.

*Miller & Garrett* and *John J. McCreary,* for plaintiff.

*Jones, Park & Johnston,* for defendant.

HINES, J. Julia Sheridan, as executrix of A. Lang, brought an ejectment suit against Mary E. Fowler, for the recovery of a house and lot and mesne profits. A verdict and judgment were rendered, finding in favor of the plaintiff the premises in dispute and mesne profits of $857.50 up to the date of the verdict. The defendant filed a motion for new trial, which was overruled; whereupon she brought her case to this court upon bill of exceptions. She filed an affidavit in forma pauperis, and thus obtained a supersedeas. Thereupon the executrix filed her equitable petition against the defendant, alleging the above facts, that the title to said premises is in her as executrix of the estate of Lang, that she is entitled to

the possession thereof, that the reasonable value of the premises is $50 per month, that the defendant is insolvent and has been in possession of the premises since July 1, 1921, without paying rent or taxes on the property, that a long period of time will elapse before the case can be decided in this court, during which time defendant will continue in the use and enjoyment of said premises, that petitioner will lose the rents thereof during said time, and that she is without remedy at law; and she therefore invoked the equitable powers of the court to prevent such loss to the estate of her testator. She prayed that a receiver be appointed by the court to take charge of the premises, rent the same out, and hold the proceeds subject to the further order of the court and the final determination of the ejectment case in the Supreme Court.

The defendant demurred to the petition, on the grounds: (1) that there is no equity therein; (2) that the court is without jurisdiction to entertain the petition; (3) that the court is without jurisdiction to pass any order or enter any decree in the common-law case; and (4) that the petition seeks an adjudication of matters which appear upon its face to have been already adjudicated in a suit between the same parties, wherein the judgment had been superseded and the case carried by bill of exceptions to the Supreme Court. The case was heard upon the petition and demurrer. The judge refused to appoint a receiver, and error was assigned upon this judgment.

When any property is in litigation, and the rights of either party or both parties can not otherwise be fully protected, a receiver of the same may be appointed on a proper case being made. Civil Code (1910), § 5475. When a plaintiff in ejectment recovers the premises in dispute and mesne profits, and the defendant brings the case to this court by writ of error, obtains a supersedeas by making an affidavit in forma pauperis, remains in possession of the premises and in the enjoyment of the mesne profits thereof, and is insolvent, the rights of the plaintiff can not be fully protected unless the defendant gives bond to pay the plaintiff such profits in the event she finally prevails in the suit, or a receiver is appointed to take possession of the premises, rent the same out, and hold the rents and profits subject to the final determination of the ejectment case. *Barrett* v. *Maynard,* 150 *Ga.* 82 (102 S. E. 896); *Puckett* v. *Heaton,* 151 *Ga.* 211 (106 S. E. 116). The pendency

of the ejectment case in this court on writ of error is no bar to the present action for the appointment of a receiver as an aid to the relief sought in that case. *Barrett* v. *Maynard*, supra.

There is nothing to the contrary of what is held herein, in *Brown* v. *Tyson*, 150 *Ga.* 598 (104 S. E. 420), in which the remedy for the recovery of mesne profits, ad interim the verdict and judgment in favor of the plaintiff in ejectment and the determination of the case in this court, when the defendant brings the case to this court, is pointed out. In *Barnett* v. *Strain*, 153 *Ga.* 43 (111 S. E. 574), the petition for receiver was held by this court to be in effect an effort to amend the plaintiff's suit in ejectment, which could not be done, as all action in the suit was superseded by the pendency of the case in this court upon writ of error. Furthermore, in that case there was no effort to recover mesne profits in the original petition in ejectment, but the amendment sought to impound a growing crop and to recover mesne profits, all, or part of which, could have been recovered at the time of trial. The ruling in that case will not be extended beyond the exact facts thereof.

The court erred in refusing to appoint a receiver.

*Judgment reversed. All the Justices concur.*