## MILTON *v.* MILTON.

No. 9170. DECEMBER 13, 1932.

*N. J. Smith* and *Roy V. Harris,* for plaintiff.
*R. G. Price* and *M. C. Barwick,* for defendant.

BECK, P. J. C. E. Milton filed suit against J. J. Milton, to have the title to a lot of land declared to be in himself, alleging a parol gift of the land and valuable improvements made thereon. This suit was filed in equity, and the prayer was that title be declared to be in the plaintiff, C. E. Milton. The plaintiff obtained a verdict and decree on the trial of the case, and J. J. Milton by writ of error brought the case to this court. 174 *Ga.* 92 (162 S. E. 543). Pending a determination of the case by this court, the plaintiff filed a suit in ejectment for the same property against the same defendant, and in addition prayed for mesne profits. To the latter suit was attached, by way of amendment at the time of the trial, copies of the pleadings in the former suit, and of the verdict and decree. The defendant filed a demurrer, contending that the verdict and decree in the former case amounted to res adjudicata between the parties as to all questions that might be made in the latter suit. The court sustained the demurrer and dismissed the petition in the latter case. To this ruling the plaintiff excepted.

The court did not err in sustaining the general demurrer to the petition as amended. The former suit brought by the same plaintiff as the plaintiff in the instant case against the same defendant was, in substance, an equitable suit for the recovery of land. It is true that by an amendment he did strike from his former petition the allegation and prayer for mesne profits; but if he had the right to recover the land in an equitable suit and have title decreed in himself, he also had the right to recover mesne profits; and if he intended to assert a right to mesne profits as against the defendant in the equitable suit, he should have made the appropriate allegations in his suit for that purpose. Under the facts the plaintiff was within the rule prescribed in the Civil Code, § 5576, which is in the following language: "No plaintiff in ejectment shall have and maintain a separate action in his behalf for the recovery of mesne profits which may have accrued to him from the premises in dispute." In *Neill* v. *Harris,* 133 *Ga.* 493 (66 S. E. 246), it was said: "Construing the allegations in the original petition together with those in the amendments, as set out in the statement of facts, it still appears that the plaintiffs in the present case had formerly brought suit against the defendant, W. H. Harris, 'to recover their [plaintiffs'] interest in said property, and that they have recovered judgment against the defendant, establishing their rights as they are in the petition above set out, to wit, that each had title to a 6/35 interest in and to said property.' From the last amendment set forth in the statement of facts it appears that certain parts of the original petition were stricken, but this amendment does not strike out or qualify the original allegation that petitioners had been forced to bring suit against the defendant in this case to recover their interest in said property, and that they have recovered judgment against said W. H. Harris, establishing their rights, etc., in the land, . . and it seems to us, as indicated above, that, construing the amendments and the original petition together, the meaning of the whole is, that a suit was brought for the recovery of the land (whether ejectment, or complaint for land in the statutory form, or an equitable petition for the recovery of the land, we can not tell); that upon the trial of that case, by consent of counsel, all issues were eliminated except the plaintiffs' right to the land as alleged in their petition; that this right was established, and the right to have the same partitioned was also es-

tablished; and that the question of mesne profits was by agreement eliminated. When the plaintiffs in a former suit brought for the recovery of the land took a judgment favorable to themselves, whether it was in terms that they should recover the land, or merely that they had a right to recover, and that the same be partitioned, they should in that suit also have had settled and adjudicated the question of mesne profits.. They had the right to eliminate that question from that suit if they wished to; but when it was once eliminated, it ceased to exist as a basis of a claim on the part of these plaintiffs against the defendant, and it could not be revived and insisted upon in a separate action. See Civil Code, § 4998, and cases there cited." In view of the provisions of § 5576, and what was said in the case cited, the petition in this case showing the former suit, the issues therein, the decree sought and the decree actually taken, the court did not err in sustaining the general demurrer to the petition as amended, and properly dismissed the case.

*Judgment affirmed. All the Justices concur.*