## SWEAT v. ATLANTIC COAST LINE R. CO.
### No. 7581.

Circuit Court of Appeals, Fifth Circuit.
Jan. 15, 1936.

Rehearing Denied Feb. 21, 1936.

WALKER, Circuit Judge, dissenting.

J. S. Dorsey Blalock, of Waycross, Ga., and Robert L. Anderson, of Macon, Ga., for appellant.

Leon A. Wilson, John W. Bennett, and L. E. Pedrick, all of Waycross, Ga., for appellee.

Before FOSTER, HUTCHESON, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment sustaining a general demurrer and dismissing

the suit. The material facts appearing from the record are these: Appellant, hereafter called plaintiff, brought a suit in ejectment against appellee, hereafter called defendant, in the superior court of Ware county, Ga., to recover certain described property in Waycross, Ga. On February 25, 1931, judgment was awarded plaintiff for the land. It is not shown that plaintiff sued for rents and revenues or mesne profits originally. Defendant took an appeal to the Supreme Court of Georgia, with supersedeas, but without bond, which was waived by agreement. 177 Ga. 698, 171 S.E. 123. The judgment was affirmed. The remittitur from the Supreme Court was filed in the lower court on October 4, 1933. Plaintiff then filed a separate suit in the same state court to recover mesne profits for the period between February 25, 1931, and October 4, 1933, alleged to be rent at the rate of $250 per month, approximately $3,750. The suit was removed to the federal court by defendant, on the ground of diversity of citizenship. With leave of court, plaintiff filed an amended petition. Defendant then filed a general demurrer to dismiss the suit on the following grounds: (1) Because the plaintiff states no fact sufficient to constitute a cause of action against this defendant, and (2) because it is shown on the face of plaintiff's petition that he has no legal right to have and maintain said suit for the recovery of the rents claimed in his petition.

█ At common law, the action of ejectment was originally a fictitious action, by a tenant ousted of his term, in effect an action of trespass. The title of the freehold was not formally and directly in issue and the remedy was in damages only. In the modern development of the law, the fiction passed out and the action is now generally by one claiming ownership of real property to recover title and possession, together with rents and revenues, usually called mesne profits, and damages resulting from the unlawful detention. Sturdy v. Jackaway, 4 Wall. 174, 18 L.Ed. 387; Cunningham v. Morris, 19 Ga. 583, 65 Am.Dec. 611. In many states an action may be brought to recover the property and resort may be had to a separate action for mesne profits and damages. 9 R.C.L. 938, "Ejectment," § 108.

A statute of Georgia provides as follows:

"The plaintiff in ejectment may add a count in his petition, and submit the evidence to the jury, and recover by way of damages all such sums of money to which he may be entitled by way of mesne profits, together with the premises in dispute." Park's Annotated Code of Georgia, 1914, § 5575; Code 1933, § 33-104.

"No plaintiff in ejectment shall have and maintain a separate action in his behalf for the recovery of mesne profits which may have accrued to him from the premises in dispute." Ib. § 5576; Code 1933, § 33-105.

█ Plaintiff contends that the statute above quoted does not apply to a suit to recover rents and revenues accruing after verdict, as in this case, the term "mesne profits" meaning only rents, revenues, and damages for the unlawful detention accruing before the suit in ejectment is filed. There is much respectable authority to support this contention, but it would be useless to cite it as we are bound by the decisions of the Supreme Court of Georgia construing the statute.

Defendant contends that the sole question in issue is whether plaintiff could maintain a separate action to recover rents and revenues accruing after verdict pending appeal. We think the issue is somewhat broader. The real point is whether plaintiff could maintain a separate action in a federal court.

Defendant relies upon the leading case of Brown v. Tyson, 150 Ga. 598, 104 S.E. 420. In that case, construing the statute, it was held that a plaintiff in ejectment could not bring a separate suit to recover rents and revenues accruing after verdict, which within the meaning of the statute were mesne profits. However, the opinion, in a sense, negatives this conclusion as it is pointed out that these so-called mesne profits could be recovered by timely amendment filed in the original suit, after final determination on appeal, with notice to defendant and an opportunity to be heard. This procedure has all the elements of a new and separate suit, although a branch grafted on the old trunk, requiring additional pleadings, services of process, the calling of a jury, the admission of evidence, and the rendering of another verdict.

Defendant also relies on the case of Austell v. Swann, 74 Ga. 278. In that case it was said:

"In ejectment and its statutory substitute to try title to land, there could be no demand for mesne profits until the right was expressly given by the act of the general assembly. Cobb's Dig., 489; Code, § 3357."

The statute cited was practically the same as the sections of the Georgia Code above quoted, which clearly do not pretend to grant or limit the right, but merely control the action, the form of the remedy.

We entertain no doubt that the right to recover rents and revenues in ejectment is derived from the common law, and we would not be controlled in our decision by the opinion of a court of last resort of a state construing the common law. The right to recover mesne profits undoubtedly exists and may be enforced in the courts of Georgia by initially adding a count to the petition in ejectment or by timely amendment after verdict, as pointed out in Brown v. Tyson, supra.

That brings us to a consideration of the jurisdiction of the District Court.

In the leading case of Payne v. Hook, 7 Wall. 425, 430, 19 L.Ed. 260, it was said by the Supreme Court:

"We have repeatedly held 'that the jurisdiction of the courts of the United States over controversies between citizens of different States, cannot be impaired by the laws of the States, which prescribe the modes of redress in their courts, or which regulate the distribution of their judicial power.'"

That expression has been repeated in innumerable cases and is settled law. See Chicago & N. W. Railway Co. v. Whitton's Adm'r, 13 Wall. 270, 20 L.Ed. 571; Arrowsmith v. Gleason, 129 U.S. 86, 99, 9 S.Ct. 237, 32 L.Ed. 630; Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80. The rule above stated is not affected by the Conformity Act, R.S. § 914 (28 U.S.C.A. § 724). Phelps v. Oaks, 117 U.S. 236, 6 S.Ct. 714, 29 L.Ed. 888; So. Pac. Co. v. Denton, 146 U.S. 202, 13 S Ct. 44, 36 L.Ed. 942; Western Loan & Savings Co. v. Butte & Boston Min. Co., 210 U.S. 368, 28 S.Ct. 720, 52 L.Ed. 1101. This suit is upon a new and separate right, not passed upon in the original suit in ejectment. Notwithstanding the above-quoted Georgia statutes, plaintiff could have elected to file it in the federal court originally. Naturally, he would have to file

a separate suit as there was no suit there pending to be amended.

The state court in which the separate suit was filed had jurisdiction ratione materia. When the suit was removed to the federal court, a new situation arose. It is true defendant did not lose any substantial rights by the removal, but neither did plaintiff. It is elementary that after removal the suit is then pending in the federal court exactly as if it had been brought there originally. The rule is plainly stated in Spencer v. Duplan Silk Co., 191 U.S. 526–531, 24 S.Ct. 174, 176, 48 L.Ed. 287, as follows:

"Plaintiff brought his action in the state court, and its removal on the ground of diverse citizenship placed it in the circuit court [district court] as if it had been commenced there on that ground of jurisdiction."

The conclusion we reach is that the provisions of the Georgia Code above set out merely provide rules of practice, applying to the remedy in the courts of the state, not affecting substantial rights of the parties, and not applicable in the federal court in this case. Plaintiff had the right to file a separate action in the District Court and the removal of the suit accomplished the same result. By filing the demurrer, one ground of which asserted the petition alleged no cause of action, defendant waived any objection to the jurisdiction of the District Court. Western Loan & Savings Co. v. Butte & Boston Min. Co., supra.

It is not disputed that the petition states a good cause of action. As the demurrer was without merit, it should have been overruled. It follows that the judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WALKER, Circuit Judge, dissents.

On Petition for Rehearing.

PER CURIAM.

As neither of the judges who concurred in the judgment of the court in the above numbered and entitled cause is of the opinion that the petition for rehearing should be granted, it is ordered that the said petition be, and the same is hereby, denied.