BEETLES *et al. v.* STEADHAM.

No. 12505. FEBRUARY 18, 1939.

*Edwards & Edwards,* for plaintiffs in error.

REID, Chief Justice. In the present case the plaintiff brought an action of ejectment in the year 1936, praying for mesne profits, but introduced no evidence in support thereof. A verdict was rendered in his favor in 1937 for the possession of the premises only. The defendant appealed the case to this court, and on May 11, 1938, a judgment of affirmance was rendered. 186 *Ga.* 110 (197 S. E. 270). While the case was thus pending in this court, the plaintiff filed in the superior court a petition seeking to recover mesne profits

for the year 1937, and praying for certain equitable relief against the defendant and others. By this petition the plaintiff sought to recover mesne profits accruing both before and after verdict, but before the case was affirmed by this court. *Held,* that the mesne profits accruing to the plaintiff up to the time of the verdict could have been recovered only in that proceeding and upon proper pleadings therefor. Those accruing thereafter, and while the case was on appeal to this court, could have been recovered only in the manner pointed out in *Brown* v. *Tyson,* 150 *Ga.* 598 (104 S. E. 420). This was the plaintiff's exclusive remedy, and he could not maintain this, a separate and independent action, to recover therefor. The petition was therefore subject to demurrer and should have been dismissed. Code, §§ 33-104, 33-105. See *Neill* v. *Harris,* 133 *Ga.* 493 (66 S. E. 246) ; *Milton* v. *Milton,* 176 *Ga.* 88 (166 S. E. 857) ; Powell on Actions for Land, 542, 543 ; *Sheridan* v. *Fowler,* 156 *Ga.* 238, 240 (118 S. E. 853). But compare Sweat *v.* Atlantic Coast Line R. Co., 81 Fed. (2d) 492. This ruling makes it unnecessary to determine whether, had the petition stated a cause of action for a recovery of the damages prayed for, the plaintiff was entitled to the injunction prayed for against the defendant and another.

*Judgment reversed. All the Justices concur, except*

DUCKWORTH, Justice, dissenting. The main point of difference in this case is the meaning of the words "mesne profits" as used in the Code, § 33-105, which declares as follows : "No plaintiff in ejectment shall have and maintain a separate action in his behalf for the recovery of mesne profits which may have accrued to him from the premises in dispute." The effect of the majority opinion is, that, notwithstanding the ejectment suit has terminated in a verdict and judgment in favor of the plaintiff, the defendant can not be made to account to him for the use of the premises involved during the time he continued to occupy them, where a writ of error to the Supreme Court was taken by him from the judgment and until the Supreme Court affirmed the judgment. I think the opinion goes further and holds that he can not be made to pay for such use so long as he is not dispossessed, even though that period be a number of years, and even though a supersedeas or other legal process prevents his earlier ouster. I can not agree to this holding. I think the true and proper meaning of the words of the statute, to wit, "mesne profits," as there used, is the use of the premises from

the date possession was wrongfully taken until judgment in the ejectment suit. Thereafter, title to plaintiff having been adjudicated, defendant can be made to account to the owner thereof, in an action for that purpose, for the use of the premises. I think the case of *Brown* v. *Tyson,* 150 *Ga.* 598 (104 S. E. 420), supports me in this view, although the procedure there outlined was not named a separate suit as was employed in this case. The criticism of that case in Sweat *v.* Atlantic Coast Line R. Co. 81 Fed. (2d) 492, is justified in the apparent construction given to the Code section, and not in permitting what was in reality a separate action for the recovery of a sum for the use of premises recently recovered in an ejectment suit.