MOODY *v.* McHAN.

No. 13026. March 13, 1940. Rehearing denied March 26, 1940.

*Tye, Thomson & Tye,* for plaintiff in error.
*B. L. Milling* and *Mitchell & Mitchell,* contra.

ATKINSON, Presiding Justice. When this case was formerly before this court (*Moody* v. *McHan,* 184 *Ga.* 740, 193 S. E. 240), it was held: "Where a person made a will bequeathing described real estate to a nephew and a niece share and share alike in fee simple, and afterwards executed a deed conveying all of the property to the niece, the nephew, after probate of the will in common form and the payment of all debts by the executor, had such an interest in the property as to support an action to cancel the deed on the ground of mental incapacity of the grantor to execute it, and to obtain a decree establishing his claim to a half undivided interest in the property, as against the grantee in such deed. The petition was sufficient to state a cause of action, and the court did not err in overruling the general demurrer." On the subsequent trial the issue was as to the mental capacity of the grantor to execute the deed. It appeared that the grantor, eighty years of age and suffering from a serious malady injurious to the mind, was taken to the hospital on December 19, 1935, where he remained as a patient. On December 23, 1935, he executed the will. After remaining in the hospital until about February 17, 1936, he was carried to the home of the defendant, where, on February 29, 1936, he executed the deed. He died on June 21, 1936. Testimony of both expert and nonexpert witnesses was introduced, as to his mental capacity and his kindly emotions for both the plaintiff and the defendant, brother and sister, his nephew and niece. As to mental capacity there were conflicting opinions. The jury returned a verdict for the plaintiff. A motion for new trial, based on general and special grounds, was overruled, and the defendant excepted. *Held:*

1. In the light of the evidence as to the mental condition of the grantor, it was not error, as complained of in the motion for a new trial, to admit evidence to the effect that he "thought more"

of the plaintiff "than anybody in the world." Such evidence would be pertinent on the question of his mental capacity, where, after devising one half of the property by the will to the plaintiff, he so soon conveyed the whole property to the defendant by the deed.

2. If there was inaccuracy in the remark by the judge ·in the presence of the jury at the time of admitting the evidence, it was not such as to require a new trial.

3. The requests to charge, set forth in special grounds of the motion for new trial, were not accurately adjusted to the pleadings and the evidence. In so far as they were applicable, they were covered substantially by the general charge.

4. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*