29032. MOODY *et al. v.* McHAN.

DECIDED OCTOBER 8, 1941.

*McElreath, Scott, Duckworth & Riley,* for plaintiffs in error.

*B. L. Milling, Mitchell & Mitchell,* contra.

MACINTYRE, J. On December 23, 1935, Benjamin H. Morris made his will in which he bequeathed to the plaintiff and Mrs. Eva Morris, one of the defendants, each a half interest in certain real estate. On February 29, 1936, Morris, by deed, conveyed to said

defendant the entire property. Morris died June 21, 1936. The plaintiff then filed a proceeding in equity and obtained a decree against said defendant cancelling Morris's deed to said defendant on the ground that Morris had been mentally incompetent to make such a deed, and established his (plaintiff's) claim to a half interest in the real estate. *Moody* v. *McHan,* 184 *Ga.* 740 (193 S. E. 240); 189 *Ga.* 861 (7 S. E. 2d, 913). After this decree said defendant purchased from the plaintiff his one-half interest in said real estate, and the plaintiff executed a deed to said defendant containing the following provision: "The grantor [the plaintiff] re-serves his right to sue grantee for mesne profits arising out of the grantee's possession and collection and retention of the rents and profits of said property. Grantee, by accepting this deed does not admit the justice of grantor's claim, but said matter is to be left to the courts for determination and the rights of neither party to this deed are prejudiced by the making or acceptance of this deed." The plaintiff brought this suit against said defendant and Morris's executor for mesne profits alleged to have accrued during the time said defendant was in wrongful possession of his one half of said real estate, and prayed for judgment against Mrs. Morris alone. The judge overruled the defendants' demurrer to the petition and they excepted.

Under the provisions of the deed from the plaintiff to said defendant, dated April 12, 1940, which was executed subsequently to the date of the decree cancelling the deed from Morris to said defendant and establishing the plaintiff's one-half interest in said real estate, the rights of neither party, as they related to the right to sue for mesne profits for the time the possession of one half of the real estate had been wrongfully withheld, were affected, or, in the words of the agreement itself, "the rights of neither party to this deed are prejudiced by the making or acceptance of this deed." "*No plaintiff* in ejectment shall have and maintain a separate ac-tion in his behalf for the recovery of mesne profits which may have accrued to him from the premises in dispute." (Italics ours.) Code, § 33-105. Our Supreme Court has held in *Milton* v. *Milton,* 176 *Ga.* 88 (166 S. E. 857), that whether a suit brought for the recovery of land was in the form of ejectment, or a complaint for land in the statutory form, or an equitable petition for the recovery of the land, the plaintiff can not thereafter, in a separate suit, recover

mesne profits against the same defendant for rents which may have accrued to him from the premises in dispute. The record in the instant case discloses that the plaintiff had previously obtained a decree in equity against said defendant ordering a cancellation of the deed from Morris to said defendant which described a certain tract of real estate. The plaintiff is now seeking to recover the rent (mesne profits) from his one half of this same real estate. It has been stated that where "the grantor is entitled to cancellation of the deed on the ground of fraud [or mental incapacity of the grantor], he is also entitled to the rents and profits of the land for the time that the grantee was wrongfully in possession." 12 C. J. S. 1089. Where the heir, or devisee under a will, of the deceased grantor petitions to set aside the deed of the grantee, the heir or devisee, may ordinarily, under a proper allegation, ask in the same petition to recover rents and profits for the time during which the grantee was in wrongful possession. 12 C. J. S. 1090. In the former suit in equity seeking a cancellation of the deed from Morris to said defendant (*Moody* v. *McHan,* supra), under proper and appropriate allegations the issue of rents might have been put in issue, or an amendment would have been germane and allowable which put in issue the rents claimed by the plaintiff against said defendant, for at that time said defendant was in wrongful possession of the plaintiff's half of said real estate. Our Code, § 110-501, provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Under this section and the above-stated rules, we think the demurrer to the petition based on the ground that the verdict and decree in the former case for the cancellation of the deed from Morris to said defendant were res judicata as to the rents (mesne profits), as that issue might have been made in the former suit and if made should have been sustained, and the trial court would have erred in overruling the same. See in this connection *Wallis* v. *Watson,* 184 *Ga.* 38 (190 S. E. 360) ; *Cates* v. *Duncan,* 181 *Ga.* 686 (183 S. E. 797).

The plaintiff relies on *Parker* v. *Salmons,* 113 *Ga.* 1167 (39 S. E. 475), as sustaining the ruling of the trial court. That case is distinguishable from the instant case for in that case the *defendant*

in the first suit, to wit, a suit involving title to land (*Parker* v. *Salmons*, 101 *Ga.* 160, 28 S. E. 681, 65 Am. St. R. 291), brought the second suit, to wit, a suit for mesne profits; whereas in the instant case, the *plaintiff* brought the first suit for the recovery of land and subsequently brought a second suit against the same defendant to recover mesne profits. It will be noted that Code, § 33-105, supra, refers only to *plaintiffs* in ejectment, and nothing is said as to the defendant. See, in this connection, Ga. L. 1834, p. 78, § 4. The judgment of the trial court overruling the demurrer to the petition must be and is

*Reversed. Broyles, C. J., and Gardner, J., concur.*