36536. BRIGHT *et al. v.* CITY OF WASHINGTON.

DECIDED JANUARY 30, 1957—REHEARING DENIED FEBRUARY 6, 1957.

*Colley & Orr*, for plaintiffs in error.

*Clement E. Sutton*, contra.

TOWNSEND, J. It is now well established that the declaratory judgment statute in this State does not take the place of existing remedies, and is not available where there exists a remedy, either in law or equity, unless there be some fact or circumstances which necessitate a determination of the dispute, not merely for the purpose of enforcing accrued rights, but "to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." *Sumner* v. *Davis*, 211 *Ga.* 702 (1) (88 S. E. 2d 392); *Savannah Theatres Co.* v. *First Federal Savings &c. Assn.*, 93 *Ga. App.* 487 (1) (92 S. E. 2d 217).

It is perfectly obvious in the present case that the plaintiff's

right of action, if one exists, depends not upon the width of its street as an abstract matter, but upon title to the land upon which the defendants' wall is being erected.  If this land belongs to the city as part of its public streets, then the defendants are trespassing upon the city's property and also are committing a nuisance by obstructing the streets.  If title to the land does not belong to the municipality, but to the defendants, they have a right to erect the wall thereon.  An action in ejectment is a proper legal method of trying title to land.  *Lopez* v. *Downing, 46 Ga.* 120. A municipality may maintain an action in ejectment to recover possession of a street.  *Robins* v. *McGehee,* 127 *Ga.* 431, 435 (56 S. E. 461) ; Powell, Actions for Land (rev. ed.) § 65, p. 67 and citations; 64 C. J. S. 182, § 1752, Ejectment.  No interest of the plaintiff would be jeopardized by so proceeding, and if it is of the opinion, as contended, that to proceed on the nuisance theory is not adequate for its purposes, it has available this remedy also.

Since the plaintiff has a clear and adequate remedy under existing law, no cause of action for declaratory judgment is set out, and the trial court erred in overruling the general demurrers to the petition.

*Judgment reversed.   Gardner, P. J., and Carlisle, J., concur.*