John DOE (James A. Bowdoin et al.),
Plaintiff,

v.

Richard ROE (Buford Malone, Jr. and
United States of America),
Defendants.

Civ. A. No. 1584.

United States District Court
M. D. Georgia,
Macon Division.

Dec. 29, 1959.

W. B. Mitchell, Forsyth, Ga., for plaintiff.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., for defendants.

BOOTLE, District Judge.

This suit in the fictitious form of ejectment was instituted in the Superior Court of Jasper County, Georgia, the real defendants being Buford Malone, Jr. and United States of America. It was thereafter removed into this court upon petition of both defendants, which petition alleged in paragraphs 2 and 3 thereof as follows:

"2. Before the commencement of this action and at all times hereinafter mentioned, petitioner Buford Malone, Jr. was a Forest Service Officer with the Forest Service, United States Department of Agriculture, and his official duties as a Forest Service Officer required him to be, and he was, in charge and in possession of the land described in said ejectment suit.

"3. At all times mentioned in said action, petitioner, Buford Malone, Jr., was acting solely under color of his office as a Forest Service Officer for the Forest Service, United States Department of Agriculture, and all his acts in connection with the matters charged in said complaint were committed by him under color of his said office."

Thereafter, both defendants filed their motion to dismiss upon the grounds that the complaint fails to state a claim against the defendants upon which relief can be granted; that the court has no jurisdiction over Malone since the proceeding is in substance and effect against the United States and that the United States has not consented to be sued or waived its immunity from suit and "the complaint affirmatively shows that Bu-

ford Malone, Jr. is being sued as an agent and employee of the United States and as to him the suit is in substance and effect one against the United States; thus, the United States is an essential and indispensable party to the suit."

Counsel were heard at a pre-trial conference on October 2, 1959 and upon written briefs and upon an adjourned pre-trial conference held this day.

While the complaint does not affirmatively show that Malone is being sued as an agent and employee of the United States, counsel for the plaintiff admitted at the pre-trial conference today that the above-quoted paragraphs 2 and 3 of the removal petition are true and correct. It does now appear, therefore, that Malone does not purport to act in the premises as an individual but solely as an official or employee of the sovereign.

Relying upon the cases of United States v. Lee, 1882, 106 U.S. 196, 1 S.Ct. 240, 27 L.Ed. 171; Sawyer v. Osterhaus, D.C.N.D.Cal.1912, 195 F. 655, 212 F. 765; and Land v. Dollar, 1947, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209, plaintiff claims the right to maintain this ejectment suit against Malone, notwithstanding the fact that Malone has acted and is acting in the premises solely under color of his office and employment. Plaintiff frankly concedes that he cannot maintain this action against the United States itself.

This court finds itself in agreement with the following statement in the opinion of Judge Gilliam in the case of Jones v. United States, D.C.E.D.N.C. 1954, 127 F.Supp. 31, 33:

"However, in my opinion, United States v. Lee has been severely limited by Larson [Larson v. Domestic and Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)], and with the possibility of the landowner recovering just compensation for the wrongful taking, there may be no cases at all in which United States v. Lee will permit suit today."

The key to the possible distinction between Lee and Larson is contained in footnote 17 to Larson, pointing out that Lee was decided in 1882 before the enactment of the Tucker Act, which was enacted on March 3, 1887, 28 U.S.C.A. § 1402.

Under the Larson decision if it were contended that Malone was acting beyond a statutory limitation upon his power, it would be necessary for the complaint to set out the statutory limitation upon which plaintiff relies. 337 U.S. 682, 690, 69 S.Ct. 1457, 93 L.Ed. 1628. Not only is there no such allegation, but there is a solemn admission that his official duties as a forest service officer required him to be and that he was in charge and in possession of the land involved.

"The United States has not consented to be sued in the District Court of the United States in suits to try title to lands claimed by it where the plaintiff is not in possession and his claim of title is denied." Rambo v. United States, 5 Cir., 1945, 145 F.2d 670, 671, certiorari denied 1945, 324 U.S. 848, 65 S.Ct. 685, 89 L.Ed. 1408.

Accordingly, the defendants' motion to dismiss will be granted, and counsel for the defendants may prepare and submit an appropriate order.